# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> LARRY WHITNEY AND JOYCE L. WHITNEY, <br><br> Defendants. | Case No. 1:14-cv-01086-   -SMS <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING REMAND OF CASE TO STATE COURT <br><br> (Doc. 6) |

On September 30, 2014, Plaintiff Bank of America moved to remand this unlawful detainer action to Fresno County Superior Court, from which Defendants Larry Whitney and Joyce L. Whitney removed it. Plaintiff argues that the removal was untimely and that the federal district court has no jurisdiction. Defendants filed no response to the motion. The undersigned recommends that the Court remand the case to state court.

## I.   Procedural and Factual Background

On January 27, 2014, Plaintiff purchased the subject property, commonly known as 2104 East Fremont Avenue, Fresno, California, from the Trustee at a Trustee's sale conducted in accordance with California Civil Code § 2924 *et seq.* On March 31, 2014, because Plaintiff could not find Defendants on the property, it served them by posting on the property, and by mailing to

1

them, a notice to quit.  Because Defendants were the prior owners of the property, the notice ordered them to vacate the premises within three days.

Defendants' having failed to vacate the premises, on April 11, 2014, Plaintiff filed a complaint for unlawful detainer in Fresno County Superior Court.  On April 21, 2014, Defendants, proceeding *in propria persona*, filed a demurrer to the complaint, consisting of the complaint itself and a form indicating a general denial of its allegations.  On July 11, 2014, Defendants removed the case to this Court.

## II.    Timeliness of Removal Action

Plaintiff correctly argues that the removal action was untimely.  A defendant may remove a civil action or proceeding from state court to federal court within 30 days of its receipt, by service or otherwise, of the initial pleading setting forth the claim(s) on which the action is based.  28 U.S.C. § 1446(b).  Because Plaintiff served Defendants on April 14, 2014, the July 11, 2014 notice of removal was untimely.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988); *Lewis v. City of Fresno*, 627 F.Supp.2d 1179, 1186 (E.D. Cal. 2008).  But a defendant may only move to remand for any defect other than subject matter jurisdiction within 30 days after the plaintiff files the notice of removal.  Since Plaintiff did not move for remand until September 30, 2014, the motion to remand for untimeliness is itself untimely.

Since Plaintiff also argues that the Court lacks jurisdiction, however, remand may still be appropriate.  If a lack of subject matter jurisdiction becomes apparent at any time before final judgment, the district court must remand the case.  28 U.S.C. § 1447(c).  *See also Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003) ("Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand.").  Since Plaintiff also moves for remand based on lack of jurisdiction, its motion is timely.

///

2

### III. The Court Lacks Federal Question Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court for the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1441(a). Nonetheless, "[i]f at any time before the final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 546 (9th Cir. 1992). A district court must reject federal jurisdiction if any doubt exists about the right to removal. *Id.* Because of the strong presumption against removal jurisdiction, the defendant always has the burden of proving the propriety of removal. *Id.* Removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction is presumed to be absent unless the defendant, as the party who has removed the action, shows that the plaintiff has alleged (1) a federal claim (*American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); (2) a state cause of action that requires resolution of a substantial issue of federal law (*Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 9 (1983)); or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field

(*Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968).

Since Section 1441(b) permits a defendant to remove a case only if the claim could originally have been filed in federal court, the existence of removal jurisdiction is determined by reference to the "well-pleaded complaint." *Merrill Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). That a federal question arises as part of a defense or counterclaim is not enough. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. *See also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

The complaint's sole claim is unlawful detainer pursuant to Cal. Code Civil Procedure § 1161a. An unlawful detainer action is a purely state cause of action. A single claim for unlawful detainer under California law provides no basis for federal question jurisdiction. *See U.S. Bank Nat'l Ass'n v. Tyler*, 2010 WL 4918790 at *2 (N.D.Cal. Nov. 12, 2010) (No. C 10-4033 PJH); *Everbank v. Wissa*, 2012 WL 1565714 at * 2 (E.D. Cal. May 2, 2012) (No. 2:12-cv-00735-JAM-KJN); *OneWest Bank FSB v. Ignacio*, 2010 WL 2696702 at *2 (E.D.Cal. July 6, 2010) (No. 1:10-cv-01683-JAM-DAD); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, 2010 WL 234828 at *2 (C.D.Cal. Jan. 13, 2010) (No. ED-CV-09-2337 PA (DTBx)); *HSBC Bank, N.A. v. Bryant*, 2009 WL 3787195 at *3 (S.D.Cal. Nov. 10, 2009) (N0. 09-cv-1659 IEG (PQR))

Defendants removed the case based on their defense that Plaintiff's eviction notice did not comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 (the "Act"). "[T]he Act provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants." *Bank of New York Mellon v. Flores*, 2012 WL 761951 at *3 (E.D.Cal. Mar. 7, 2012), *report and recommendation*

4

*vacated*, 2012 WL 1981329 (E.D.Cal. June 1, 2012), *report and recommendation adopted,* 2012 WL 3886097 (E.D.Cal. Sep. 6, 2012),  (No. 2:12-cv-00435-KJM-KJN PS).  Federal courts have consistently rejected this argument since for removal purposes, federal jurisdiction may not be premised on a defense or counterclaim.  *See Everbank*, 2012 WL 156714 at * 3; *Citibank, N.A. v. Corey*, 2012 WL 1552888 at *3 (E.D.Cal. April 26, 2012) (No. 2:12-cv-00499-MCE); *Parkland Sec., Inc. v. Carey*, 2012 WL 159621 at *2 (E.D. Cal. Jan. 18, 2012), *adopted by* 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (No. 11-cv-3281-GEB-GGH); *Westcom Credit Union v. Dudley*, 2010 WL 4916578 at *2 (C.D. Cal. Nov. 22, 2010) (No. CV 10-8203 GAF (SSx)); *SD Coastline LP v. Buck*, 2010 WL 4809661 at *2-3 (S.D.Cal. Nov. 19, 2010) (No. 10CV2108 MMA NLS); *Aurora Loan Serv., LLC v. Martinez*, 2010 WL 1266887 at * 1 (N.D. Cal. Mar. 29, 2010) (No. C10-01260 HRL).

Removal of this case to federal district court is not justified based on federal question jurisdiction.

**IV.     Conclusion and Recommendation**

For the reasons set forth above, the undersigned hereby RECOMMENDS that this matter be remanded to the Superior Court of California, Fresno County.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, either party may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 5, 2014**            **/s/ Sandra M. Snyder**
                                                            UNITED STATES MAGISTRATE JUDGE